**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Abraham GOLDBERG, d/b/a Isle of Venice Apartments and Lisa Ann Apartments, Defendants-Appellees.**

**No. 71–1837**
**Summary Calendar.\*\***

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1971.

---

\*\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**296**

---

Robert W. Rust, U. S. Atty., Miami, Fla., Frank E. Schwelb, Chief, Robert J. Wiggers, Martin Barenblat, Attys., David L. Norman, Acting Asst. Atty. Gen., Housing Sec., Civ. Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

James V. Johnstone, Miami Beach, Fla., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Goldberg allegedly refused to rent an apartment to John Edward Woullard, who is black, in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. Woullard was contacted by Alexander C. Ross, an attorney and Deputy Chief of the Housing Section, Civil Rights Division, of the United States Justice Department.[1] Ross attempted to correct the alleged discriminatory housing practice by informal methods, by conference, conciliation and persuasion with all parties. When a compromise could not be reached, the United States filed this suit against Goldberg under the Act, attach-

ing an affidavit by Ross who recited in detail his efforts to resolve the dispute. On Goldberg's motion, the District Court ordered the affidavit stricken from the record, finding that it contained information which was privileged under 42 U.S.C. § 3610(a). Thereafter, the United States filed a motion for a preliminary injunction and a motion to vacate the order striking the Ross affidavit. The District Court denied these motions and the United States appealed. We affirm.

 Section 3610(a) provides that nothing said or done in the course of informal endeavors to eliminate alleged discriminatory housing practices may be made public or used as evidence in a subsequent proceeding under the Fair Housing Act without the written consent of the persons concerned. Under the facts and circumstances before us, we hold that Ross was engaged in attempting to conciliate the dispute within the meaning of section 3610(a) and that the information contained in his affidavit was therefore privileged. The United States has conceded that without the Ross affidavit it was not entitled to a preliminary injunction.

Affirmed.

---

1. The Justice Department is bound to administer its programs and activities relating to housing and urban development in a manner to further the purposes of the Act and to cooperate with the Secretary of Housing and Urban Development (H.U.D.) to that same end. 42 U.S.C. § 3608(c).